NOT FOR PUBLICATION (Doc. Nos. 7 & 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| FASHION BROKERAGE INTERNATIONAL, LLC, : : : Plaintiff, : : v. : : JHUNG YURO INTERNATIONAL LLC, : et al., : : Defendants. : : | | Civil No. 10-746 (RBK/JS) OPINION |

**KUGLER**, United States District Judge:

This is a contract dispute. Plaintiff alleges that Defendants Kris Wright, Jhung Yuro International LLC ("Jhung"), Caesar Lunix Worldwide LLC ("Caesar"), and 6356036 Canada Inc., t/a Twelve Ounce, breached their contractual obligations to Plaintiff by terminating the parties' agreement without cause. Plaintiff also asserts a claim in the alternative against Wright and Twelve Ounce for tortious interference with contract. Before the Court are: (1) Wright's motion to dismiss for failure to state a claim; and (2) Plaintiff's cross-motion for leave to file a Second Amended Complaint asserting new allegations relevant to Wright's individual liability under the parties' agreement. That Court finds that, as pled in the Second Amended Complaint, Plaintiff's tortious interference claim against Wright is futile. The Court therefore denies Plaintiff leave to amend and grants Wright's motion to dismiss regarding that claim. However, because Plaintiff's proposed amendments regarding Wright's individual contract liability are not the result of undue delay or bad faith, and because those allegations state a claim against Wright

for breach of contract, the Court denies Wright's motion to dismiss and grants Plaintiff leave to amend regarding that claim.

## I. BACKGROUND

Defendants Jhung and Caesar are purveyors of a "luxury life style brand" of footwear and clothing launched by Wright in 2005. (Am. Compl. ¶ 13). Defendant Twelve Ounce is the exclusive promoter of that footwear. In February 2008, Plaintiff entered into a contract with Jhung and Caesar (the "Contract."). Pursuant to the Contract, Jhung and Caesar agreed to use Plaintiff as their nonexclusive sales representative for obtaining orders and promoting the sale of footwear and apparel designed and distributed by Jhung, Caesar, Twelve Ounce, and Wright. Wright signed the Contract on behalf of Jhung and Caesar. The Contract describes both Jhung and Caesar as Pennsylvania limited liability companies.

The Contract was for a two-year term and provides that Jhung and Caesar would not terminate the Contract except for just cause, such as fraud or material breach. Plaintiff alleges that it performed all of its obligations under the Contract, but Wright nevertheless terminated the Contract prematurely in September 2008. Plaintiff alleges that the termination was without cause and that Defendants refused Plaintiff's demands that they reinstate the Contract. According to Plaintiff, Defendants owe him $32,911.28 in commissions earned prior to termination of the Contract, and $180,000.00 in lost commissions caused by the termination.

The Amended Complaint[1] asserts a claim for breach of contract against all Defendants and a claim in the alternative against Twelve Ounce and Wright for tortious interference with contract. It alleges that Jhung and Caesar are Pennsylvania limited liability companies and that

---

[1] Plaintiff filed its original Complaint in February 2010. In March 2010, before Defendants answered the Complaint, the Court sua sponte ordered Plaintiff to file an Amended Complaint properly alleging a basis for federal subject-matter jurisdiction over this dispute. Plaintiff timely filed the Amended Complaint, which contained substantially the same allegations except that it added necessary facts regarding the parties' citizenship so as to cure jurisdictional deficiencies.

Wright is the sole member of both companies.  It also alleges that "[a]t the time the [C]ontract was executed and at the time it was terminated" Jhung and Caesar "were the agents of" Twelve Ounce and Wright, and that "Twelve Ounce and . . . Wright were agents of" Jhung and Caesar.  (Am. Compl. ¶ 26).  According to the Amended Complaint, Twelve Ounce and Wright "were the actual administrators of the [C]ontract and responsible for payments to Plaintiff."  (Am. Compl. ¶ 27).

Jhung and Caesar timely answered the Amended Complaint.  In their respective Answers, they deny that they are Pennsylvania limited liability companies.  Twelve Ounce has not answered or made an appearance in this matter.  Wright did not answer the Amended Complaint but timely made the instant motion to dismiss pursuant to Rule 12(b)(6).  Wright argues that Plaintiff's breach-of-contract claim against him should be dismissed because he is not a party to the Contract.  Wright also argues that Plaintiff's tortious interference claim should be dismissed as against him because, as a matter of law, a company's agent cannot be liable for tortious interference with the company's contractual obligations if the agent acted within the scope of his authority.

In response to Wright's motion to dismiss, Plaintiff made a cross-motion to file a Second Amended Complaint.  The Second Amended Complaint alleges that although the Contract states that Jhung and Caesar are Pennsylvania limited liability companies, they were "never created . . . as legal entities."  (Second Am. Compl. ¶ 20).  It further alleges that, at the time of contracting, Jhung and Caesar were "unincorporated proprietorships and/or partnerships owned and operated by Defendants Twelve Ounce and Kris Wright."  (Second Am. Compl. ¶ 29).

Plaintiff's explanation for the delay in asserting those new allegations is that it was prompted to investigate the status of Jhung and Caesar only after they filed their respective

3

Answers to the Amended Complaint denying that they are limited liability companies. According to Plaintiff, Jhung and Caesar's Answers prompted a corporate search, which revealed to Plaintiff for the first time that Jhung and Caesar were never created as formal legal entities. Plaintiff concludes that the Court should permit it to file its proposed Second Amended Complaint and that the Court should deny Wright's motion to dismiss because the proposed Second Amended Complaint states a claim for breach of contract against Wright. Wright did not file opposition to Plaintiff's cross-motion to amend or a reply brief in further support of his motion to dismiss.

## II.      LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making that determination, a court must conduct a two-part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to

show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

### B. Motion to Amend under Rule 15(a)

Under Federal Rule of Civil Procedure 15(a), amendments to pleadings are to be "freely given when justice so requires." The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. See Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). Amendments to pleadings should ordinarily be granted except in certain limited circumstances, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). To determine whether a proposed amendment would be futile, the court applies the standard used on a motion to dismiss under Rule 12(b)(6). See Medpointe Health Care, Inc. v. Hi Tech Pharm. Co. Inc., 380 F.2d 457, 462 (D.N.J. 2005).

### III. DISCUSSION

### A. Plaintiff's Breach-of-Contract Claim

Wright argues that Plaintiff fails to state a claim against him for contractual liability because he was not a party to the Contract. Without addressing whether Plaintiff's Amended Complaint states a claim against Wright, the Court finds that Plaintiff may file its proposed

5

Second Amended Complaint, and that the Second Amended Complaint states a claim for breach of contract against Wright.

As noted above, leave to amend should be granted except in limited circumstances such as undue delay, bad faith, prejudice to the defendant, or futility.  See Foman, 371 U.S. at 182.  There is no indication that any of those circumstances exist here.  First, there is no indication that Plaintiff's proposed amendment is the result of bad faith or that the timing of the amendment will prejudice Defendants in any way.  Plaintiff explains that its motion to amend was precipitated by Jhung and Caesar's responsive pleadings denying that they were limited liability companies.  Until Jhung and Caesar denied their status as business entities, Plaintiff had no reason to doubt that they were limited liability companies as stated in the Contract.  When Jhung and Caesar denied their entity status, Plaintiff promptly investigated and discovered that neither company exists as an organized business entity.  Plaintiff then made its cross-motion to amend.  Those activities occurred less than a month after Jhung and Caesar answered the Amended Complaint and before meaningful discovery commenced in this case.  Thus, there is no indication that Plaintiff's proposed amendment is the result of bad faith or will prejudice Defendants.  See Chalick v. Cooper Hosp./Univ. Med. Ctr., 192 F.R.D. 145, 153 (D.N.J. 2000).

Second, Plaintiff's proposed amendments are not futile regarding Wright's contractual liability.  The Second Amended Complaint alleges that Wright is individually liable for breach of the Contract because he executed the Contract on behalf of two nonexistent business entities.  A person is individually liable for contracts he signs under a nonexistent corporate name.[2]  See Fed.

---

[2] The Contract provides that "[t]he laws of the state of New Jersey shall govern the validity, interpretation, construction, performance, and enforcement of this Agreement." (Second Am. Compl. Ex. A at 7). "It is well settled that the law of the state chosen by the parties will be honored so long as that choice does not contravene a fundamental policy of New Jersey." Mullin v. Keller Ladder Co., No. 06-480, 2008 U.S. Dist. LEXIS 22308, at *30 (D.N.J. Mar. 19, 2008). The Court does not see a reason that the Contract's choice-of-law provision would contravene a fundamental policy of New Jersey. Thus, New Jersey substantive law governs this dispute. However, Plaintiff alleges that Defendants represented that Jhung and Caesar were limited liability companies formed under

Adver. Corp. v. Hundertmark, 160 A. 40, 40 (N.J. 1932); Gallant v. Fashion Piece Dye Works, 174 A. 248, 249 (N.J. Ch. 1934).  This is because a person conducting business on behalf of a nonexistent company holds himself out as an agent of a fictitious principal.  See Fed. Adver. Corp., 160 A. at 40; RKO-Stanley Warner Theatres, Inc. v. Graziano, 355 A.2d 830, 833 (Pa. 1976) ("[T]here is an inference that a person intends to make a present contract with an existing person.") (quoting Restatement (Second) of Agency § 326, comt. a).  Thus, if "the other party knows that there is no principal capable of entering into such a contract, there is a rebuttable inference that, although the contract is nominally in the name of the nonexistent person, the parties intend that the person signing as agent should be a party . . . ." RKO-Stanley Warner Theatres, Inc., 355 A.2d at 833; see also Fed. Advert. Corp., 160 A. at 40 ("When . . . the defendants . . . used the [corporate name] they in effect were constituting themselves agents of a non-existing principal and became personally liable"); Gallant, 174 A. at 249 ("if there is no corporation[, defendant] is personally liable for the debts created by him in the name of the" corporation).

Under both New Jersey and Pennsylvania law, a limited liability company is created only when one or more persons execute and file a certificate of organization with the state.  See N.J. Stat. Ann. § 42:2B-11;15 Pa. Cons. Stat. § 8914(b).  However, a business may be treated as a de facto limited liability company notwithstanding the absence of formal organization if:  (1) there was a bona fide attempt to organize under the applicable statute and colorable compliance with the statutory requirements; and (2) the company actually used or exercised company powers

---

the law of the Commonwealth of Pennsylvania.  Thus, on the issue of whether Jhung and Caesar existed as business entities, the Court also considers Pennsylvania law.

pursuant to the applicable statute.³  See Cantor v. Sunshine Greenery, Inc., 398 A.2d 571, 573-74 (N.J. Super. Ct. App. Div. 1979); Asplund v. Marjohn Corp., 168 A.2d 844, 849 (N.J. Super. Ct. App. Div. 1961); see also Leber Assocs., LLC v. Entm't Group Fund, Inc., No. 00-3759, 2003 U.S. Dist. LEXIS 13009, at *28-29 (S.D.N.Y. July 22, 2003) (applying doctrine of de facto corporate status to limited liability company).  However, de facto corporate status is a limited exception, and the party asserting de facto corporate status bears the burden of pleading and proving its existence.  See Asplund, 168 A.2d at 850; Pharm. Sales & Consulting Corp., 59 F. Supp. 2d at 402 ("The burden of establishing de facto corporate status is on the party seeking to rely upon it.").

Plaintiff alleges in the proposed Second Amended Complaint that, at the time the parties entered the Contract, Wright misrepresented that Jhung and Caesar were Pennsylvania limited liability companies.  Wright nevertheless executed the Contract as Jhung and Caesar's agent.  Thus, Plaintiff alleges that Wright is personally liable under the Contract because he knowingly signed it on behalf of nonexistent principals.  Those allegations are sufficient to state a claim for breach of contract against Wright individually.  Consequently, Plaintiff's proposed amendments are not futile as to Plaintiff's breach of contract claim.  Wright's motion to dismiss that claim is denied, and Plaintiff is granted leave to amend.

### B. Plaintiff's Tortious Interference Claim

Wright also moves to dismiss Plaintiff's claim for tortious interference with contract. Plaintiff asserts that claim in the alternative pursuant to Federal Rule of Civil Procedure 8(e)(2).

---

³ Some courts have questioned whether the doctrine of de facto corporate status even exists in New Jersey after the enactment of the New Jersey Business Corporation Act in 1968.  See Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 59 F. Supp. 2d 398, 402 (D.N.J. 1999).  If the doctrine does not exit, then Plaintiff's allegations in the Second Amended Complaint clearly state a claim for relief against Wright because neither Jhung nor Caesar filed formal certificates of organization.

See Kam Int'l v. Franco Mfg. Co., No. 10-2733, 2010 U.S. Dist. LEXIS 135455, at *13-14 (D.N.J. Dec. 22, 2010) (noting that pleading in the alternative is proper under Fed. R. Civ. P. 8(e)(2)). Plaintiff alleges that if there is no privity of contract between Wright and Plaintiff, Wright is nevertheless liable for interfering with the Contract between Plaintiff and Jhung and Caesar. Plaintiff does not propose any amended allegations regarding its tortious interference claim. Thus, the Court considers whether that claim should be dismissed and Plaintiff should be denied leave to include it in the Second Amended Complaint because it is futile. See Foman, 371 U.S. at 182.

To state a claim for tortious interference, a plaintiff must establish four elements: (1) a reasonable expectation of economic benefit or advantage; (2) the defendant's wrongful, intentional interference with that expectancy; (3) the reasonable probability that the plaintiff would have received the expectancy absent the defendant's interference; and (4) damages resulting from the interference. Pathfinder, L.L.C. v. Luck, No. 04-1475, 2005 U.S. Dist. LEXIS 44782, at *30 (D.N.J. May 20, 2005) (citing Varrallo v. Hammond Inc., 94 F.3d 842, 848 (3d Cir. 1996)); see MacDougall v. Weichert, 677 A.2d 162, 174 (N.J. 1996). A plaintiff may not maintain a claim for tortious interference against a party to the underlying contract or business relationship. Printing Mart-Morristown v. Sharp Elects. Corp., 563 A.2d 31, 37 (N.J. 1989). Consequently, courts also hold that an employee of a business that is party to the underlying contract may not be liable for tortious interference based on conduct performed within the scope of the employee's agency. See Fioriglio v. City of Atl. City, 996 F. Supp. 379, 392 (D.N.J. 1998), aff'd 185 F.3d 861 (3d Cir. 1999); Obendorfer v. Gitano Grp., Inc., 838 F. Supp. 950, 956 (D.N.J. 1993); Sammon v. Watchung Hills Bank for Sav., 611 A.2d 674, 676 (N.J. Super. Ct. L. Div. 1992).

Here, Plaintiff alleges that even if Wright is not a party to the Contract, he is liable for tortious interference with contract based on his alleged termination of the Contract. However, even if Wright is not a party to the Contract, the Second Amended Complaint asserts that he terminated the Contract as an agent of Jhung and Caesar. (Second Am. Compl. ¶¶ 22, 26). Wright cannot therefore be liable for tortious interference with contract based on his alleged termination of the Contract unless he was acting outside of the scope of his agency. See Fioriglio, 996 F. Supp. at 392. Because Plaintiff does not allege that Wright terminated the Contract by acting outside of the scope of his agency for Jhung and Caesar, Plaintiff fails to state a claim for tortious interference against Wright. Thus, the Court denies Plaintiff's motion to amend to the extent it seeks to include the proposed tortious interference claim against Wright. That claim is dismissed.

### IV.    CONCLUSION

For the reasons discussed above, the Court denies Wright's motion to dismiss Count I of Plaintiff's Amended Complaint against Wright and grants Plaintiff leave to file the Second Amended Complaint, except that Plaintiff may not assert its proposed tortious interference claim against Wright. An appropriate Order shall enter.

Dated: 3/14/11                                                                 /s/ Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                               United States District Judge